UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEEK-A-BOO LOUNGE OF
BRADENTON, INC., *et al.*,

           **Plaintiffs,**

vs.                                                                                  Case No. 8:99-CV-2707-T-27EAJ

MANATEE COUNTY, FLORIDA,

           **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant Manatee County's Motion for Summary Judgment (Dkt. 166) and Plaintiffs' Response in Opposition (Dkt. 179). The Court heard oral argument on April 26, 2006. Upon consideration, Defendant Manatee County's Motion for Summary Judgment (Dkt. 166) is GRANTED and the Clerk is directed to enter judgment in favor of Manatee County, Florida.

*Procedural History*

Plaintiffs initiated this action challenging the constitutionality of two Manatee County ordinances, 98-46 and 99-18. Ultimately, this Court entered summary judgment in favor of Defendant. On appeal, the Eleventh Circuit reversed the summary judgment and remanded the case for further proceedings. *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County*, 337 F.3d 1251 (11th Cir. 2003), *cert. denied,* 541 U.S. 988 (2004). Thereafter, Manatee County adopted a new ordinance, 05-21, which replaced 98-46 and exempted licensed adult entertainment businesses from

ordinance 99-18.[1] Given this legislation, Plaintiffs were granted leave to file a Revised Second Amended Complaint to preserve their claim for attorney's fees as the prevailing party in the underlying action pursuant to 42 U.S.C. § 1988(b).[2]

In their Revised Second Amended Complaint for Declaratory Judgment Awarding Attorneys' Fees, Plaintiffs seek a "declaratory judgment finding that Plaintiffs have successfully vindicated their rights, privileges and immunities under the Constitution of Florida and the United States and Title 42 U.S.C. §§ 1983, 1985 and 1988, having obtained the elimination of legislation that worked to deprive Plaintiffs of their constitutional rights . . ." (Dkt. 156, ¶ 10). Further, Plaintiffs seek a declaratory judgment that they are entitled to recover attorneys fees as "'prevailing parties,' since they were successful in eliminating the existence of Ordinance 98-46 . . ." and "also successful in eliminating the application of Ordinance 99-18 . . ." (Id. at ¶ 15).[3] Given the enactment of ordinance 05-21, Plaintiffs contend that their litigation was the "catalyst" which prompted Manatee County to address the allegedly infirm ordinances, thereby entitling them to recover attorneys' fees as prevailing parties, notwithstanding that no judicial relief was obtained (Dkt. 156, ¶¶ 7,8,15,57).

## Discussion

The United States Supreme Court addressed entitlement to attorney's fees under the

---

[1] Plaintiffs filed a second case challenging the constitutionality of ordinance 05-21. (Peek-A-Boo Lounge of Bradenton, Inc. et al. v. Manatee County, Florida -- Case No. 8:05-CV-1707-JDW-TBM, Middle District of Florida, Tampa)

[2] The enactment of Manatee County ordinance 05-21 effectively rendered Plaintiffs' constitutional challenges to ordinances 98-46 and 99-18 moot. The Revised Second Amended Complaint was accordingly filed to only to preserve Plaintiffs' claim to attorney's fees in light *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001),

[3] To the extent Plaintiffs seek to set forth an alternative claim for attorney's fees accrued prior to adoption of Ordinance 05-21 as damages, that claim is disingenuous. Plaintiffs have presented no legal authority or theory upon which attorney's fees could be claimed as an element of damages.

"prevailing party" standard in connection with the Fair Housing Amendments Act of 1988 (FHAA) (42 U.S.C. § 3613(c)(2)) and the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C. § 12205). *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001). In *Buckhannon,* as Plaintiffs acknowledge, the Court effectively eliminated the "catalyst theory" as a basis for the award of attorney's fees and held that in order to qualify as a "prevailing party" under a fee shifting statute, a plaintiff must have obtained a "court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon,* 532 U.S. at 604 (*quoting, Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782 (1989)). In this Circuit, "it is now established that in order to be considered a prevailing party under § 1988(b), there must be a "court-ordered . . . 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 904-905 (11th Cir. 2003). Specifically, there must be

(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim,' or

(2) a 'judicial *imprimatur* on the change' in the legal relationship between the parties

*Smalbein,* 353 F.3d at 905.

Acknowledging the holdings in *Buckhannon* and *Smalbein,* in their Revised Second Amended Complaint, Plaintiffs candidly allege that their Revised Second Amended Complaint was filed "for the sole purpose of attempting to change admittedly binding precedent" (Dkt. 156 at ¶ 1). Plaintiffs describe their Complaint as a "good faith attempt to change the limitations of *Buckhannon* (relative to the elimination of the 'catalyst theory' as a justified basis to award attorney's fees to Plaintiffs)" and "seeking to revive the 'catalyst theory' for the award of fees in civil rights cases . .

." (Dkt. 156, ¶¶ 7,8). Given the holdings in *Buckhannon* and *Smalbein,* Plaintiffs' attempt to recover attorney's fees necessarily must fail. Defendant Manatee County's Motion for Summary Judgment (Dkt. 166) must therefore be granted.

Simply put, Plaintiffs are not the "prevailing parties" in this litigation. At most, they were successful in having the Eleventh Circuit reverse the Order granting summary judgment in favor of Defendant. The Eleventh Circuit did not, contrary to Plaintiffs' arguments, find ordinance 98-46 "to be void *ab initio*" (Dkt. 156, ¶¶ 36,37). Likewise, the Eleventh Circuit's opinion did not declare ordinance 99-18 to be unconstitutional or void. Plaintiffs obtained nothing more than a reversal of a summary judgment order and a remand for further consideration. The reversal and remand does not constitute a judicial *imprimatur* on the change in the legal relationship between the parties or "some relief on the merits" of Plaintiffs' claims. Accordingly, Plaintiffs are not "prevailing parties" for purposes of recovering attorney's fees under § 1988(b).

There being no genuine issues of material fact, Defendant is entitled to summary judgment as a matter of law on this record.[4] Plaintiffs are not the "prevailing parties" in this matter. Their catalyst theory of recovery of attorney's fees has been rejected by the Supreme Court in *Buckhannon* and the Eleventh Circuit in *Smalbein* with respect to 42 U.S.C. §1988(b). Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant Manatee County's Motion for Summary Judgment (Dkt. 166) is GRANTED. Plaintiffs' Revised Second Amended Complaint for

---

[4] In their response in opposition to Defendant's motion for oral argument, Plaintiffs asserted "at the very least, the presence of factual disputes that precludes a grant of a summary judgment as a matter of law to Defendant." (Dkt. 179 at p. 3, ¶ 6). In response to the Court's query during oral argument, Plaintiff's counsel explained that he was referring to the distinction between the procedural histories of these Plaintiffs and the Plaintiff in *Buckhannon,* rather than to any material issues of fact relevant to Defendant's motion for summary judgment. To the extent there are factual distinctions, they are not material to the issue before the Court.

Declaratory Judgment Awarding Attorney's Fees is DISMISSED. The Clerk shall enter judgment in favor of Defendant. The Court reserves jurisdiction to award taxable costs upon appropriate and timely application. All pending motions are DENIED as moot. The Clerk is directed to close this case.

**DONE AND ORDERED** in chambers this 28th day of April, 2006.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record